(159 App. Div. 412.)

GINSBERG v. WOLF et al.

(Supreme Court, Appellate Division, First Department.   December 5, 1913.)

1. MASTER AND SERVANT (§ 168*)—INJURIES TO SERVANT—FELLOW SERVANTS—NEGLIGENCE.

Plaintiff was injured by the alleged negligence of his fellow servant in failing to properly perform his work.   Such work did not call for any special skill, and the fellow servant was quite able to do it properly, and did so in a great majority of cases, but was inclined to carelessness.   *Held,* that such carelessness, if the proximate cause of the accident, was not the master's negligence in failing to provide plaintiff with a competent and skillful fellow servant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 334, 335, 337–340, 349; Dec. Dig. § 168.*]

2. MASTER AND SERVANT (§ 217*)—INJURIES TO SERVANT—APPARENT DANGERS—ASSUMED RISK.

Where the dangers, incident to the work in which plaintiff was employed, were perfectly apparent, and he testified that he was aware of them and he had been warned of the danger by one of the defendants, plaintiff assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. § 217.*]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

See, also, 78 Misc. Rep. 563, 139 N. Y. Supp. 920.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

W. L. Glenney, of New York City, for appellants.

E. Clyde Sherwood, of New York City, for respondent.

SCOTT, J.   The only negligence charged against the defendants is that:

They "failed and neglected to furnish plaintiff with a competent and skillful fellow servant to assist him in said work, and negligently furnished him with an incompetent and unskillful fellow servant in said work, and neglected to instruct plaintiff in the proper and safe method in which to perform said work for which he was engaged and to warn him of the dangers incident thereto not patent to his observation."

[1] The evidence is insufficient to support a finding of negligence upon either of these counts.   The work which plaintiff's fellow servant was called upon to do was not such as called for any special skill, and, in fact, such fellow servant was quite able to do his part of the work properly, and in the great majority of cases did so.   So far as he was concerned, the only trouble was that he was careless, and, if that carelessness can be said to have been the proximate cause of the accident, it was the negligence of a fellow servant, not that of the employer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The evidence does not show that the dangers incident to the work were "not patent to plaintiff's observation." What dangers there were were perfectly apparent, and the plaintiff testified that he was perfectly aware of them, in addition to which he was expressly warned by one of the defendants.

In our opinion the verdict was clearly against the evidence.

Judgment and order appealed from reversed, and new trial granted, with costs to appellant to abide the event.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not agree that the finding that the defendants were negligent was against the weight of evidence.

The plaintiff, an infant, was 18 years of age. He had been in the defendants' employ about a month and was paid about $5 a week. He was put to work on this machine on the morning on which the accident happened. The plaintiff testified that the defendants instructed him in operating this machine to put his hands under the die under certain conditions. That this was a dangerous thing to do was apparent, and I think where such instructions are given, and the plaintiff, an infant, follows such instructions, and an accident results, it is a question for the jury to say whether, under all the circumstances, it was not a negligent act for an employer to give such instructions to an infant employé, thus subjecting the employé to the risk of an injury. It is, I think, a failure to properly instruct an infant put at work at such a machine, and it was at least a question for the jury to say whether, under the circumstances, proper instructions had been given to him.

I am therefore in favor of affirming the judgment.

---

(159 App. Div. 414.)

GINSBERG v. WOLF et al.

(Supreme Court, Appellate Division, First Department.    December 5, 1913.)

Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

