[2] The evidence does not show that the dangers incident to the work were "not patent to plaintiff's observation." What dangers there were were perfectly apparent, and the plaintiff testified that he was perfectly aware of them, in addition to which he was expressly warned by one of the defendants.

In our opinion the verdict was clearly against the evidence.

Judgment and order appealed from reversed, and new trial granted, with costs to appellant to abide the event.

CLARKE, DOWLING, and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). I do not agree that the finding that the defendants were negligent was against the weight of evidence.

The plaintiff, an infant, was 18 years of age. He had been in the defendants' employ about a month and was paid about $5 a week. He was put to work on this machine on the morning on which the accident happened. The plaintiff testified that the defendants instructed him in operating this machine to put his hands under the die under certain conditions. That this was a dangerous thing to do was apparent, and I think where such instructions are given, and the plaintiff, an infant, follows such instructions, and an accident results, it is a question for the jury to say whether, under all the circumstances, it was not a negligent act for an employer to give such instructions to an infant employé, thus subjecting the employé to the risk of an injury. It is, I think, a failure to properly instruct an infant put at work at such a machine, and it was at least a question for the jury to say whether, under the circumstances, proper instructions had been given to him.

I am therefore in favor of affirming the judgment.

(159 App. Div. 414.)

GINSBERG v. WOLF et al.

(Supreme Court, Appellate Division, First Department.　December 5, 1913.)

Appeal from Trial Term, New York County.

Action by Rachel Ginsberg against Harry Wolf and another, copartners doing business under the firm name and style of New York Embossing Company. From a judgment in favor of defendants and from an order denying motion for a new trial, they appeal.

Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Walter L. Glenney, of New York City, for appellants.
E. Clyde Sherwood, of New York City, for respondent.

PER CURIAM. For the reasons stated in Harry Ginsberg v. Harry Wolf et al., 144 N. Y. Supp. 678, decided herewith, the judgment and order appealed from are reversed, and a new trial granted, with costs to appellant to abide the event.

INGRAHAM, P. J., dissents.